By the Court.—Curtis, J.
These actions are brought to recover from the stockholders, the value of goods sold to the corporation; on the ground of a failure to comply with the provisions of the general manufacturing law, in respect to paying in the capital, and making and recording the statutory certificate of such payment.
Two grounds of defense were interposed.
One, that the defendant was not a stockholder ; the other, that if he was a stockholder, he only held such stock, as collateral security for a debt, and was expressly exempted by statute, from liability in such case.
The evidence as to whether the defendant was a stockholder, was contradictory, but the question was fairly placed before the jury, and they found that he was. There is no sufficient reason for disturbing this conclusion, arrived at upon the trial by the jury.
The question as to whether the defendant, if he held any stock, did not hold it as collateral security for a debt, was in like manner left to the jury, and passed upon by them. They found he did not hold it as collateral security; upon this the evidence was also contradictory, and no ground is shown for setting aside the finding.
The exception presented by the defendant’s points, and urged at the argument, in reference to the alleged admission of a copy of an instrument'' at the trial, upon a notice to produce, given at the instant, is not entitled to much consideration, as the case appears to omit the incident.
There were some other exceptions taken on the part of the defendant, during the progress of the trial before the jury were instructed by the court.
None of these appear to be tenable.
The learned judge at the trial charged the jury as follows: “Allusion has been made to the law, that *3 there is a presumption, because the law says that a trustee shall be a stockholder. But the statute does not state the amount of stock, and the requisition of the statute might, therefore, be complied with, perhaps by a man holding a single share. Then an allusion has been made to the by-law, which says, the stockholder must hold at least a certain amount of stock, 1 believe ten shares. I say, upon that subject, that the legal presumption following these provisions of the statute and by-laws would, be, that the defendant was a stockholder. But the plaintiff has not relied upon that presumption ; he does not rest his case upon that alone. He has brought what he says is affirmative proof to show that the defendant was a stockholder, and is to the extent of ten shares. But the presumption itself, and the proof given by the plaintiff, may be overcome by the testimony on the part of the defendant.”
The defendant’s counsel excepted to the portion of the charge concerning the presumption, that the defendant was a stockholder. It is a legal presumption, that until the contrary is shown, every man is presumed to obey the mandates of the law, and to perform all his official and social duties. It would be an unwise policy to hold that there is an exception to this salutary rule, as far as relates to the trustees, of a corporation. It would leave it open for this class of officials to take advantage of the privileges conceded to them by the statute, and" made operative through their by-laws, to induce other people to act, and to incur risks, and then to set up that there is no legal presumption tnat the trustees performed their official duties, of following the statutes and by-laws.
The principle, that every man in his private and official character does his duty, donee probetur in contrarium has been made applicable to corporations. In the Bank of the United States v. Dandridge (12 Wheat. 64), Judge Story expresses this view of it: ‘‘Acts *4 done by the corporation, which pre-suppose the existence of other acts, to make them legally operative, are presumptive proofs of the latter.”
The learned judge in his charge does not go beyond the rule on this subject as usually recognized (1 Greenl. Ev. § 40 ; Hartwell v. Root, 19 Johns. 347).
It dbes not appear that the jury could have been misled by the charge, or that there is any well founded reason for granting a new trial.
The judgment and order appealed from should be affirmed, with costs.
Sedgwick, J., concurred.